FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR 27 PM 3 19

CLERK C. Reynolds
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES C. RAMSEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-34 |
| ) | |
| RONNIE STRENGTH, CORRECTIONAL ) | |
| MEDICAL SERVICES, and FNU ) | |
| WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Charles B. Webster Detention Center in Augusta, Georgia, is proceeding pro se in a complaint filed under Title 42, United States Code, Section 1983. On March 9, 2006, the Court ordered plaintiff, who is seeking to proceed *in forma pauperis*, to submit a completed Trust Fund Account Statement and a Consent to Collection of Fees form. Plaintiff submitted those forms on March 20, 2006. In his Trust Fund Account Statement, plaintiff states that he does not maintain a balance in his prison trust fund account. Because it appears that plaintiff is unable to pay an initial filing fee at this time, the Court will not order plaintiff to pay a partial filing fee in order to proceed with this action. Plaintiff, is advised, however, that he is responsible for paying the balance of his $250.00 filing fee as funds become available.

The Prison Litigation Reform Act requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. § 1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff alleges in his complaint that on December 6, 2005, Defendant Williams attacked him while plaintiff was awaiting lunch. He states that Williams slammed him to the floor, dragged him by his shirt across the floor, then slammed him head-first into a wall. Plaintiff claims that he suffered an unspecified shoulder injury because of the incident, and that prison officials have refused to treat his injury. He also claims that he had a pre-existing knee injury that was aggravated by Williams's actions, which, according to plaintiff, were unprovoked.

## II. DISCUSSION

In his complaint, plaintiff concedes that his prison facility has a grievance procedure. Instead of filing a grievance, however, plaintiff states that he "wrote Sheriff Ronnie Strength about [his] complaint." Pl. Compl. at 3. He contends that he received no response to his letter.

Under Title 42, United States Code, Section 1997e(a), "[n]o action shall be brought

2

with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)); see also Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that prisoner lawsuit in which denial of grievance was not appealed must be dismissed under Section 1997e).

"[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 2006 WL 122426 (11th Cir. Jan. 17, 2006) (citing Johnson, 418 F.3d at 1155). Further, "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile," Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), or because a pursuit of administrative remedies would be untimely, Salas, 2006 WL 122426, at *2.

Plaintiff has not shown or alleged either that he exhausted his administrative remedies at his jail facility. The exhaustion requirement is not an affirmative defense; it must be pleaded by a Section 1983 plaintiff and verified through written documentation. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003); Howard v. Henderson, 2006 WL 20511 (M.D. Fla. Jan. 4, 2006). Failure to do so is tantamount to failing to state

3

a claim on which relief may be granted. Steele, 355 F.3d at 1209-10; accord Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

Plaintiff here does not state in his complaint that he complied with the grievance procedure at his jail by filing a grievance, then appealing any denial of that grievance. Nor does he offer evidence of exhaustion. He merely alleges that he wrote a letter to the sheriff. Such a measure cannot satisfy the "strict exhaustion" requirement of Section 1997e(a) where a formal grievance procedure is available to a detainee.

Furthermore, even if plaintiff's letter could be said to satisfy the jail's exhaustion requirement, he has not allowed jail officials sufficient time to address his claim. He filed the instant complaint on March 7, 2006. Even if he had submitted his letter to the sheriff on December 6, 2005, the date of the incident alleged in his complaint, he has not allowed sufficient time for jail officials to investigate and address his claim. Nor has he appealed the failure of jail officials to respond to his claim in a timely manner, even if three months were sufficient time for his claim to be administratively investigated.

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to exhaust his administrative remedies and thus has failed to state a claim on which relief may be granted. The Court accordingly recommends that the case be **DISMISSED**.

SO REPORTED and RECOMMENDED this 27th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4